**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ALICIA L. LIMTIACO, | ) |
| Plaintiff(s), | ) Case No. 2:11-cv-370-RLH-PAL |
| vs. | ) **O R D E R** |
| AUCTION CARS.COM, LLC., | ) (Motion to Dismiss–#8) |
| Defendant(s). | ) |

      Before the Court is Defendant's Motion to Dismiss (#8, filed April 28, 2011). Plaintiff filed a Response (#10), to which Defendant filed a Reply (#11). The motion is based upon Rule 12(b)(1) and (6). (There is also a request for attorney fees and costs pursuant to Fed. R. Civ. P. 11, but was withdrawn in the Reply.)

      A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." While a pleading generally need not contain detailed allegations, it must allege sufficient facts "to raise a right to relief above the speculative level." *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not allege sufficient facts to raise a right to relief above the speculative level if it contains nothing more

than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). Instead, in order to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. At 1949 (internal citations omitted).

In *Ashcroft v. Iqbal*, the Supreme Court provided a two-step approach for district courts to apply when considering motions to dismiss. First, the court must accept as true all factual allegations in the complaint. *Id.* at 1950. A court does not, however, assume the truth of legal conclusions merely because the plaintiff casts them in the form of factual allegations. *Id.* at 1950; *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Mere recitals of the elements of a cause of action, supported only by conclusory statements also do not suffice. *Iqbal*, 129 S. Ct. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct." *Id.* at 1949. Thus, where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (Internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

This is not a motion for summary judgment and will not be considered as such. Even if it were, there are material questions of fact which would preclude granting a motion for summary judgment at this stage in the proceedings.

Plaintiff has adequately alleged sufficient facts "to raise a right to relief above the speculative level." Whether she will prevail at trial, or a subsequent motion for summary judgment, remains to be seen. However, at present the Court finds that her allegations, if taken as true, are sufficient to state a claim.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (#8) is DENIED.

Dated:   October 11, 2011.

_____
**Roger L. Hunt
United States District Judge**

3