1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ALICIA L. LIMTIACO,                                )
                                                   )
                    Plaintiff,                     )        Case No.  2:11-cv-00370-MMD-CWH
                                                   )
vs.                                                )        **ORDER**
                                                   )
AUCTION CARS.COM, LLC,                             )
                                                   )
                    Defendant.                     )
_____)

   This matter is before the Court on Defendant's Motion for Attorney Fees (#28), filed April 25, 2012, and Plaintiff's Response (#29), filed May 7, 2012.

**BACKGROUND**

   The factual background in this case was set forth in the Court's order on Plaintiff's Motion for Partial Summary Judgment (#31).  *See* Order (#34).  By way of this motion (#28), Defendant seeks an award of $1,856.00 for its fees and costs incurred in defending against Plaintiff's motion to compel (#21).  Defendant asserts that the requested fees are appropriate because they were necessary, reasonable, and "significantly less than the Plaintiff's own declared fees on this same matter."  *See* Def.'s Mot. (#28) at 2:7-10.  Defendant's motion includes an itemized breakdown of the work performed at a rate of $120.00 per hour.  Noting that Plaintiff's counsel is the Legal Aid Center of Southern Nevada, Defendant asserts that Plaintiff is, in all likelihood, indigent and requests that the Legal Aid Center be jointly and severally responsible for any fee award.

   In response, Plaintiff's counsel argues that any award of fees would only be appropriate under Rule 37(a)(5)(C), which allows for the apportionment of reasonable expenses when a motion to compel is granted in part and denied in part.  Given that Plaintiff's costs and fees incurred in bringing the motion approximate $5,000.00, Plaintiff's counsel argues that an appropriate apportionment would be an offset to zero.  In support of this argument, Plaintiff's counsel notes

1    that his motion to compel was a "catalyst for securing greater relief" in that Defendant withdrew

2    several objections and provided more detailed answers subsequent to the filing of the motion to

3    compel.  *See* Fed. R. Civ. P. 37(a)(5)(A) (requiring the payment of fees from a party that makes

4    disclosures or provides requested discovery after a motion to compel is filed).  Citing *Shuffle*

5    *Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166 (D. Nev. 1996), Plaintiff's counsel argues

6    that his meet and confer efforts were adequate.  He also argues that the motion was substantially

7    justified because Defendant's responses made following formulaic objections were improper, and

8    because Defendant supplemented his responses after the motion was filed.  Finally, Plaintiff's

9    counsel argues that an award of expenses would be unjust given that Plaintiff is a low-income

10   individual seeking to enforce consumer protection statutes.

## DISCUSSION

**1. Rule 37**

13       As an initial matter, there appears to be some confusion as to whether Plaintiff's motion

14   was granted in part and denied in part under Rule 37(a)(5)(C) or denied under Rule 37(a)(5)(B).

15   The primary difference between these two subsections of Rule 37 is that Rule 37(a)(5)(B) requires

16   the payment of costs while Rule 37(a)(5)(C) gives the court discretion to award and apportion fees.

17   Here, Plaintiff's motion to compel (#21) was granted in part and denied in part and, therefore, the

18   Court has discretion to apportion reasonable expenses under Rule 37(a)(5)(C).  Ultimately, the

19   analysis underlying a decision under either subsection is the same and the arguments pertaining to

20   exceptions under Rule 37(a)(5)(B) are equally applicable to the determination of whether attorney

21   fees should be awarded pursuant to Rule 37(a)(5)(C).  *See Switch Communications Group LLC v.*

22   *Ballard*, 2011 WL 5041231 (D. Nev.).

**A. Meet and Confer**

24       The initial query with any motion to compel is the adequacy of the moving party's meet and

25   confer efforts.  To that end, a party seeking to compel responses to discovery requests "must

26   include a certification that the movant has in good faith conferred or attempted to confer with the

27   person or party failing to make disclosure or discovery in an effort to obtain it without court

28   action."  Fed. R. Civ. P. 37(a)(1).  Additionally, Local Rule ("LR") 26-7(b) provides that

"[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action." The requirements of Rule 37(a)(1) and LR 26-7(b) are threshold requirements that must be met prior to bringing a motion to compel.

Because both the meet and confer requirement of Rule 37 and the personal consultation requirement of LR 26-7(b) serve important purposes, the failure to comply with either is never justified. Compliance is required "to lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants, through the promotion of informal, extrajudicial resolution of discovery disputes." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Id*. Importantly, in order to serve its purpose, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. To do so,

> [t]he parties must present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions. Only after the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a "sincere effort" to resolve the matter.

*Id*.

In *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166 (D. Nev. 1996), the Court identified two prongs to Rule 37's meet and confer requirement. First, the moving party must provide a certification from counsel which "accurately and specifically conveys to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute" – the certification requirement. *Shuffle Master*, 170 F.R.D. at 170. Second, the moving party must actually confer or attempt to confer in good faith – the performance requirement. *Id*. The moving party must move beyond cursory statements and "must adequately set forth in the motion essential facts sufficient to enable the court to pass a preliminary judgment on the adequacy and sincerity of the good faith conferment between the parties." *Id*. at 171. A good faith attempt requires more

than the "the perfunctory parroting of statutory language," it requires a "genuine attempt to resolve the discovery dispute through non judicial means." *Id.* Doing so accomplishes the underlying policy of Rule 37(a)(1) and LR 26-7(b).

The Court finds that Plaintiff's counsel's efforts to engage in meaningful discussions to resolve this discovery dispute prior to filing his motion were inadequate. To be sure, Plaintiff did contact opposing counsel and did send several letters identifying the perceived failings of the Defendant's discovery responses.[1] However, there is no evidence Plaintiff's counsel made the necessary effort to promote a frank exchange to resolve or narrow the issues prior to bringing the motion. *See Nevada Power*, 151 F.R.D. at 120. In the Court's view, this is a textbook example of a party treating the informal negotiation process as a formal prerequisite to judicial review. At several points during the hearing on this matter, Plaintiff's counsel was unable to articulate any conversation with opposing counsel regarding the specific, individual discovery requests at issue. This is not consistent with the requirement that the parties present the merits of their respective positions with candor, specificity, and support during the informal negotiations prior to bringing a discovery motion. *Id.* Consequently, the Court finds that Plaintiff's counsel did not comply with the performance prong of Rule 37's meet and confer requirement or LR 26-7(b)'s personal consultation requirement prior to bringing the motion.

## B. Substantially Justified

The Court also finds that the motion to compel was not substantially justified on its merits. Responses subject to objection for both Rule 33 and Rule 34 discovery requests are appropriate. What courts do not tolerate is attempts to obstruct discovery through objections or evasive responses which lack a good faith basis. *See Marti v. Baires*, 2012 WL 2029720 (E.D. Cal.) (citing *Marchland v. Mercy Med. Cntr.*, 22 f.3d 933, 938 (9th Cir. 1994)). The mere fact that the same

---

[1]The mere exchange of letters has long been seen as insufficient in the District of Nevada to satisfy the "personal consultation" requirement. *See e.g.*, *Hunter v. Moran*, 128 F.R.D. 115 (D. Nev. 1989). *Shuffle Master* made clear that the mere exchange of letters is also insufficient to demonstrate a good faith effort to meet and confer under Rule 37. *Shuffle Master*, 170 F.R.D. at 172. Simply put, the exchange of letters is an "inadequate means" through which counsel may attempt to confer. To be sure, the exchange of letters may serve to narrow or inform the issues prior to personal consultation, but both Rule 37(a)(1) and LR 26-7(b) require more.

objection or objections are raised in response to multiple discovery requests does not make the objections *de facto* boilerplate.  Moreover, objections do not lessen but underscore the importance of the requirement that Plaintiff make an adequate effort to meet and confer to address or narrow those objections prior to bringing the motion.  In addressing the objections in this instance, the Court determined that they were, for the most part, appropriate.  Even in the instances where the Court overruled the objections, it was not because the objections were intended to be evasive or obstruct discovery.  Indeed, the Court was able to confirm on virtually every discovery response that all responsive documents had been produced or the response contained all information known at the time it was made.  The problem here was not the objections, but Plaintiff's counsel failure to meet and confer prior to bringing the motion.

### C.  Award of Expenses Unjust

The Court also rejects Plaintiff's counsel's argument that an award of expenses would be unjust in this instance.  Plaintiff is utilizing the services of a low-income legal aid center to pursue this case.  Plaintiff's counsel has provided no authority for the proposition that either Plaintiff or the Legal Aid Center of Nevada is insulated from potential sanctions under Rule 37.  *See* LR 7-2(d).  Because the fault for failing to meet and confer prior to bringing this motion lies completely with counsel, the Court will require that any fee award be paid by the Legal Aid Center of Nevada.

### D.  Rule 37(a)(5)(C)

Rule 37(a)(5)(C) provides that if a motion to compel discovery responses "is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."  The Court will exercise its discretion to apportion fees in this matter.

### 2.  Fee Request

The Ninth Circuit affords trial courts broad discretion in determining the reasonableness of fees.  *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).  Courts typically follow a two-step process.  *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate."  *Id.*  Second, the Court "may adjust the lodestar

upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). Some of the relevant factors are: (1) the preclusion of other employment by the attorney due to acceptance of the case, (2) time limitations imposed by the client or the circumstances, (3) the amount involved and results obtained, (4) the undesirability of the case,[2] (5) the nature and length of the professional relationship with the client, and (6) awards in similar cases. *Id.* at n. 2 (*citing Hensley v. Eckerhart*, 461 U.S. 424 (1983)); *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied,* 425 U.S. 951 (1976). In most cases, the lodestar figure is a presumptively reasonable fee award. *Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973, 978 (9th Cir. 2008).

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson,* 465 U.S. 886, 895-96 n.11 (1984). The relevant community consists of the forum in which the case is pending. *Camacho,* 523 F.3d at 978. Determining the appropriate market rate is inherently difficult for a number of reasons. Consequently, the fee applicant has the burden of demonstrating that the requested rate is reasonable. *Camacho*, 523 F.3d at 980 (*citing United Steel Workers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir. 1990)). Where documentation of hours is inadequate, the district court may reduce the award accordingly. *Hensley*, 461 U.S. at 433. The court may exclude hours related to overstaffing, duplication, excessiveness, and otherwise unnecessary to the issue. *Id.*

Defendant's counsel states that his hourly rate in this matter is $120.00 per hour. This is a reasonable hourly rate. Defendant's counsel also submitted a detailed affidavit setting forth the work performed defending against the motion to compel. Specifically, defense counsel asserts that he spent approximately 15.4 hours defending against the motion to compel and, therefore, seeks $1,856.00 in fees and costs. The principle reason this matter came before the Court was Plaintiff's counsel's failure to meet the threshold consultation requirements of Rule 37(a)(1) and LR 26-7(b).

---

[2]This factor has been called into question by the Supreme Court's ruling in *City of Burlington v. Dague,* 505 U.S. 557, 561-564 (1992). *See also Davis v. City & Cty. of San Francisco*, 976 F.2d 1536, 1546 n.4 (9th Cir. 1992), *vacated in part on other grounds,* 984 F.2d 345 (9th Cir. 1993) (suggesting *Dague* casts doubt on the relevance of "undesirability" to the fee calculation).

1  This failure forced Defendant to incur the cost of defending against the motion unnecessarily.

2  Nevertheless, the Court is mindful that as a result of the motion Defendant was ordered to make

3  more complete responses regarding some discovery requests, and that some objections were

4  withdrawn subsequent to the filing of the motion.  Consequently, the Court will reduce the fee

5  request to $900.00 and will require that the full award be paid by the Legal Aid Center of Nevada.

6          Based on the foregoing and good cause appearing therefore,

7          **IT IS HEREBY ORDERED** that Defendant's Motion for Attorney Fees (#28) is **granted**.

8  Plaintiff's counsel shall pay to Defendant the sum of $900.00.

9          DATED this 17th day of October, 2012.

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

7